## D. Egger v. J. C. Kimmel.

Decided December 15, 1900.

**Landlord's Lien—Return of Distress Warrant to Another County—Trial of Right of Property.**

Appellee, as landlord, had a claim for rent against his tenant for an amount within the jurisdiction of the county court, and both himself and the tenant resided in J. County, where the rented premises were situated. Certain cotton raised on the rented premises was sold by the tenant to appellant, and was carried to E. County, and the landlord sued out a distress warrant before a justice of the peace of E. County, which was levied on the cotton, the warrant being made returnable, and by the officer levying it returned, to the county court of J. county, in which court the landlord's lien on the cotton was foreclosed. In a trial of the right of property had in E. County with appellant, who had claimed the cotton from under the levy there of the distress warrant, such judgment of foreclosure had in the County Court of J. County was successfully pleaded by appellee. Held, that the decision in E. County in the landlord's favor should be affirmed, as the County Court of J. County had jurisdiction of the controversy, and the distress warrant was properly made returnable thereto. Revised Statutes, articles 3240-3242, construed.

APPEAL from the County Court of Ellis. Tried below before Hon. J. E. Lancaster.

The amount of the rental claim in controversy between appellee and his tenant was $510, and the cotton seized under the distress warrant was valued by the officer making the levy at $145. In the trial of the right of property in Ellis County, from which this appeal is taken, appellee, the landlord, successfully pleaded the judgment in the County Court of Johnson County foreclosing his lien on the cotton.

*Tim Whipple,* for appellant.

*Templeton & Harding,* for appellee.

RAINEY, CHIEF JUSTICE.—This is an action of trial of right of property to determine whether or not the cotton in controversy was subject to a lien claimed by appellee as landlord. It appears that for the year 1897 L. I. Davis and J. R. Love raised the cotton in controversy on the premises of appellee situated in Johnson County, which county

was the residence of all of said parties. On November 10, 1897, said Kimmel sued out a distress warrant before Robert Wimnish, a justice of the peace of precinct No. 1, of Ellis County, which warrant was directed to the sheriff or any constable of said Ellis County, Texas, and made returnable to the County Court of Johnson County, Texas, against said Davis and Love, which warrant was levied on the cotton in controversy, and which cotton was then in Patterson's cotton yard in Waxahachie, Ellis County, Texas. Prior to the levy of said warrant the appellant, D. Egger, had purchased from said Davis said cotton and paid therefor, and upon the seizure of same made affidavit claiming same and gave the necessary bond. Whereupon the sheriff who made the levy delivered said cotton to appellant, and indorsed his valuation on the bond and returned the oath and bond to the justice issuing the warrant, and returned the warrant to the County Court of Johnson County. A trial was had in this cause before said Justice Court upon the issues tendered, and upon the rendition of judgment there an appeal was taken to the County Court of Ellis County, and upon a trial in said court a recovery was had by appellee, from which judgment this appeal is prosecuted.

Upon the return of the warrant to the County Court of Johnson County a trial was had before the court and judgment was rendered for appellee here for the amount of his debt claimed against the said Davis and Love and establishing a landlord's lien upon the cotton.

The contention of appellant here is, that appellee had no such lien upon the cotton, and, if so, that the justice of the peace of Ellis County had no right to issue a writ returnable to the County Court of Johnson County, and that the sheriff had no right to return the writ to any court other than the court issuing same; that the writ was absolutely void, and that appellee in this proceeding was dependent entirely upon the validity of the seizure of said property under said writ.

Article 3240, Revised Statutes, authorizes the justice of the peace, upon the proper oath and bond being made, to issue a distress warrant to seize property which may be found in his precinct, and that when a distress warrant shall be issued by any justice other than the justice of the peace of the precinct in which the rented premises may be situated, or in which the defendant may reside, such warrant shall be made returnable to, and the affidavit and bond upon which it is issued shall be transmitted by the justice issuing such distress warrant to, some justice of the precinct in which the rented premises may be situated or in which the defendant may reside.

Article 3242, Revised Statutes, provides that when the warrant is issued and levy made, it shall be returnable, if the same is within the jurisdiction of the justice of the peace, to said justice, but if the amount in controversy exceeds $200, exclusive of interest, and does not exceed $500, exclusive of interest, the writ shall be made returnable to the county court. If the amount in controversy exceeds $500, exclusive of

interest, and does not exceed $1000, exclusive of interest, the writ shall be made returnable either to the county or district court of the county, as the plaintiff in such writ may direct, etc. The amount in controversy was within the jurisdiction of the county court.

The question in this case hinges upon the determination as to which court, the County Court of Ellis or Johnson County, had jurisdiction to adjudicate the matter in controversy between Kimmel and his tenants. In solving this proposition we are without precedent, as none is cited by counsel on either side, nor have we been able to find any. The statute does not, in express terms, settle the question, and we conclude from its provision which requires the warrant to be returned to the justice of the peace in which the rented premises are situated, or in which the defendant may reside, when issued by a justice of the peace of a precinct other than that in which the defendant lives or in which the rental premises be situated, that it was the intention of the Legislature to have the controversy between the landlord and tenant adjudicated in the proper court of the county in which the rented premises may be situated, or in which the defendant may reside. The cotton seized was raised on rented premises situated in Johnson County, and both the landlord and tenant resided in said county. The rented premises being situated in Johnson County, and the defendants residing therein, we know of no provision of law that would give the courts of Ellis County jurisdiction of the controversy between them, unless the privilege of being sued in the county in which they resided was waived. We conclude, therefore, that the distress warrant was properly returnable to the County Court of Johnson County.

We find no error in the judgment and it is affirmed.

*Affirmed.*